IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN STRANGE, et al., | ) |
| Plaintiffs, | ) No. 3:09-01159 |
| v. | ) JUDGE HAYNES |
| LARRY STERBA, et al., | ) |
| Defendants. | ) |

ORDER

Plaintiffs[1], Calvin D. Strange, Jr. and Charles S. Huddleston, Jr. filed this action under 42 U.S.C. § 1983 against the Defendants, Larry Sterba and Heidi Meyers ("the Canteen Defendants"), Ben Sweat, Brian Koehn, and Michael Corlew. Plaintiffs assert claims under the Eighth and Fourteenth Amendments, contending that the Canteen Defendants violated Plaintiffs' constitutional rights in the preparation and serving of food while Plaintiffs were incarcerated.

Before the Court is Sterba's and Meyers's motion to dismiss (Docket Entry No. 80) under Fed. R. Civ. P. 12(b)(2) and (5), contending that the Court lacks jurisdiction over them because Plaintiffs failed to effect proper service on them within 120 days after the filing of Plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 4(m). Only Plaintiff Strange filed a response, stating that he had "no knowledge of the parent company or the address to Canteen Correctional Service, the defendants made it impossible for Mr. Strange to obtain the information about most names and addresses of the company or it's employees while incarcerated at MDCDF." (Docket Entry No. 86).

---

[1]There were other Plaintiffs whose claims have been dismissed. (Docket Entry Nos. 75, 78, 92 and 120).

In deciding a motion to dismiss under 12(b)(5), a court may consider matters outside of the pleadings, such as affidavits. "Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)." Metropolitan Alloys Corp. v. State Metals Indus., Inc., 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed.).

On or about February 23, 2010, the summons and first amended complaint were purportedly served on Sterba and Meyers by the United States Marshals Service via certified mail, at the Metro-Davidson County Detention Facility ("MDCDF") located at 5115 Harding Place, Nashville, TN 37211 and were signed for by Jahzeel Gayle. (Docket Entry Nos. 69 and 70). Sterba was formerly employed by Compass Group USA, Inc., d/b/a Canteen Correctional Services ("Canteen"), a private company contracted to provide food services at MDCDF, as food services manager. (Docket Entry No. 80, Exhibit A, Affidavit of Byron E. Thomas at ¶ 1). Sterba is no longer employed by Canteen and has not worked at MDCDF since in or around May 2009. Id. at ¶ 2. Meyers is employed by Canteen as a regional dietician, but is based outside of Tennessee and does not work at MDCDF. Id. at ¶ 3.

Gayle, an employee of Corrections Corporation of America ("CCA") that manages MDCDF, did not check the box on the return receipt indicating that he was an agent of either Sterba or Meyers. Id. at ¶ 5; (Docket Entry Nos. 69 and 70). The documents were delivered to the inbox of the current food service manager at MDCDF, who is not an agent or representative authorized to accept or receive service on behalf of either Sterba or Meyers. Id. at ¶ 4.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the

plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiffs filed their amended complaint (Docket Entry No. 14) on October 13, 2009, and were granted *in forma pauperis* status on December 9, 2009. (Docket Entry Nos. 24-25, 27). After conducting a frivolity review, the Court entered an order (Docket Entry No. 61) on January 27, 2010, instructing the Clerk of the Court to send Plaintiffs a service packet and for Plaintiffs to complete and return the packets to the Clerk's office within twenty-one days of the receipt of the Court's order. Upon return of the packets, process was to issue to the defendants. Because of Plaintiffs' *in forma pauperis* status, the Court is obligated to order the United States Marshal to effectuate service on Defendants. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Thus, the 120 day time period began to run not from the date the amended complaint was filed, but from the Court's order on January 27, 2010. Handy v. Gannett Satellite Information Network, Inc., No. 3:06-0331, 2007 WL 1975575, at *6 (M.D. Tenn. July 6, 2007).

Accordingly, Plaintiffs had until May 27, 2010, to effectuate service on Sterba and Meyers. The record does not reveal that Sterba and Meyers have been served. Plaintiffs have failed to show good cause for their failure to serve Sterba and Meyers.

Under the 1993 amendments to Fed. R. Civ. P. 4 and the Advisory Committee Notes thereto, if a plaintiff fails to comply with the 120-day rule for service of process, a district court has the discretion to extend the time for service without a showing of good cause. Henderson v. United States, 517 U.S. 654, 662 (1996); Slenzka v. Landstar Ranger Inc., 204 F.R.D. 322, 324-26 (E.D. Mich. 2001); Catz v. Chalker, 142 F.3d 279, 295 (6th Cir. 1998) (Wellford, J. concurring) (quoting

3

Panaras v. Liquid carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996) ("[A]bsent good cause for failure to serve in a timely manner under the Rule, 'the court may, in its discretion, either dismiss the action without prejudice, or direct that service be effected within a specified time.'") (citations and emphasis omitted).

Plaintiff Strange is given an additional thirty (30) days from the date of this Order to serve process on Defendants Sterba and Meyers or to show cause for their failure to obtain service or this action will be dismissed as to Sterba and Meyers. Thus, the motion to dismiss Plaintiff Strange's claims is **RESERVED**. Plaintiff Huddleston's claims against Sterba and Meyers are **DISMISSED** for his failure to respond to their motion.

It is so **ORDERED.**

**ENTERED** this the 23rd day of June, 2010.

WILLIAM J. HAYNES, JR
United States District Judge

4