IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN D. STRANGE, JR., CHARLES S. HUDDLESTON, JR., JULIAN JORDAN, RUSSELL FROHMUTH, STEVEN HOLT, and HOLLIS D. RAMSEY, <br><br>  Plaintiffs, <br><br> v. <br><br> LARRY STERBA, BEN SWEATT, HEIDI MEYERS, BRIAN KOEHN, and MICHAEL CORLEW, <br><br> Defendants. | No. 3:09-cv-01159 <br> Chief Judge Haynes |

## O R D E R

Plaintiffs, Calvin Strange, Jr., Charles S. Huddleston, Jr., Julian Jordan, Russell Frohmuth, Steven Holt and Hollis D. Ramsey, state inmates at the Metro-Davidson County Detention Facility, filed this action for alleged violation of their constitutional rights to adequate medical care, and to be free from unsanitary living conditions. After several Orders, Plaintiff Strange is the only remaining Plaintiff. Plaintiff Strange alleges the Defendants' policy would not allow him to take his legal documents to court. (Docket Entry No. 154, Amended Complaint at 6 (a-d), (g)). Plaintiff Strange also challenges the food at the facility managed by the Defendant. Id. at 6.

Before the Court is the Defendants' motion to dismiss Plaintiff Strange's claims (Docket Entry No. 185) contending, in sum: (1) that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1999e; (2) that Plaintiff fails to allege any facts that the Defendants who are supervisors were involved or knew of the alleged violation of Plaintiff Strange's rights; and (3) that Plaintiff Strange does not allege facts suggestive that the

Defendants were deliberately indifferent to any health care need.

In his Amended Complaint, Strange alleges that Defendants have a policy that prisoners cannot take legal documents with them to court and such policy violates his Fourteenth Amendment rights. Strange's specific claim is that if his claims were set for a hearing in the state court, then he would not be permitted to take his legal notes with him to "effect [his] defense." Id. at 6, 69. Federal courts "do not allow litigation on premature claims to ensure that courts litigate 'only existing, substantial controversies, not hypothetical questions or possibilities.'" See Winget v. JP. Morgan Chase Bank, NA., 537 F.3d 565, 582 (6th Cir. 2009). The Court concludes that these allegations concern hypothetical future actions and are not grounds for Section 1985 relief.

Under the PLRA, prisoners must exhaust all administrative remedies before filing a federal action. 42 U.S.C. § 1997e(a); Scott v. Ambani, 557 F.3d 642, 647 (6th Cir. 2009). Under the PLRA, "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion of administrative remedies is required for all levels of the administrative grievance process, including appeals. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); In addition, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. The prisoner must exhaust his administrative remedies under the PLRA, even if the grievance procedure does not provide for the particular relief sought. Booth v. Churner, 532 U.S. 731, 732 (2001).

Plaintiff has not filed final grievances and Inmate/Resident Grievance Procedures, and Plaintiff's first grievance about his food was resolved in his favor. (Docket Entry No. 115-1 at 23, 25, 27-28, 41). Strange filed only one unresolved grievance about an alleged shortage of toilet paper.

2

Case 3:09-cv-01159   Document 268   Filed 01/06/14   Page 2 of 3 PageID #: 1361

Id. Strange, however, failed to pursue all levels of the applicable administrative grievance process. Id. In addition, Strange did not file any grievance for inadequate medical care on the alleged prohibition and taking his documents to court with him. Id.

For these reasons, the Defendants' motion to dismiss (Docket Entry No. 185) is **GRANTED**. Plaintiff Strange's claims are **DISMISSED without prejudice** for his failure to exhaust his administrative remedies.

This is the Final Order in this action. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the 6th day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court